(24 Misc. Rep. 186.)

SIMON v. SEIDE.

(Supreme Court, Appellate Term.  July 1, 1898.)

1. CONVERSION—DEMAND.

If a company engaged in issuing so-called "trading stamps" delivers such stamps to a storekeeper, under his contract to return them to the company on demand, it cannot maintain an action for conversion, for failure to so return them, without proving a demand upon the storekeeper himself, or upon some one legally representing him.

2. SAME—DAMAGES.

If, in an action for conversion, it appears that, before action brought. the goods in question had in fact come back into the plaintiff's possession without loss to him, only nominal damages can be awarded.

Appeal from Seventh district court.

Action by Jesse Simon against Solomon Seide.  From a judgment in favor of defendant, plaintiff appeals.  Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

S. F. Hyman, for plaintiff.

Solomon Seide, in pro. per.

GILDERSLEEVE, J.  The pleadings herein are oral.  It appears from the return that the action is for a conversion, and that the answer is a general denial.  The testimony shows that defendant received from the Premium Trading Stamp Company certain stamps, under a contract which required the defendant, who was a trader, "to furnish to all customers, who shall ask for them, these stamps, to the par value of every ten cents of purchases made by every purchaser."  The contract further provides that defendant shall pay weekly to the said company the sum of 50 cents per 100 stamps so distributed to purchasers, and shall return the stamps to the company on demand.  The contract contains some other provisions, but the stipulations above set forth are all that need be considered in determining this appeal.  It appears from the testimony that plaintiff purchased from the company the business and contract in question, and succeeded to whatever rights the company had.  No light whatever upon the controversy here can be gathered from the oral pleadings.  From a careful examination of the testimony, we understand that the action was brought to recover damages for stamps which the plaintiff or his assignor had furnished to the defendant under the contract above referred to, and which the defendant, according to the claim of plaintiff, failed to return to plaintiff on demand.  It is undisputed that defendant, having at the time in his possession $10 worth of the stamps in question, held under the terms above mentioned, disposed of his place of business to one Kain, and that among the articles left at the said place, so purchased by Kain, were the said stamps.  Defendant swears that Kain promised to return the stamps to the plaintiff.  It appears, however, from the testimony of Mrs. Kain that her husband gave her the stamps so left in the said place of business, and that thereupon she presented them to the plaintiff for redemption, or, more strictly speaking, for a present,

as it would seem that, in pursuance of the custom, the party present-ing the stamps might receive a present. The present, however, was refused, because the stamps had not been issued to customers in the regular course of trade, and the stamps were kept by the plaintiff. As these stamps came lawfully into the possession of the defendant, a demand for their return, and a refusal to return them, must have been established, in order to entitle the plaintiff to maintain an action for conversion. The only evidence on this point is furnished by the witness Clark, who appears to have been a collector in the employ of the plaintiff, and who testifies as follows, viz.:

"Q. Did you ever see this contract with defendant for trade stamps? A. Yes, sir; for $10. Q. Is that the contract for the stamps? A. Yes, sir. (The contract in question was thereupon offered, and received in evidence.) Q. Did you demand the return of the stamps? A. I did. Q. Did he return them? A. No, sir. Q. Did you demand payment of the money? A. Yes, sir. Did he pay you? A. No, sir."

He subsequently admits that he does not know whether the stamps were returned or not. It will be seen that there is no evidence to show upon whom the demand for the return of the stamps was made, —whether upon the defendant, or upon Kain, or upon somebody else. We are left to infer that it was made upon the defendant, but the court could not properly be asked, from this testimony, to infer that the demand was made upon the defendant. Mrs. Kain swears that plaintiff or his representative threatened her with punishment, if she did not give up the stamps. Was this the demand referred to by Clark? It was the duty of the plaintiff, in order to establish his cause of action, to show by competent testimony that the demand was made upon the defendant, or upon some one legally representing him. This defect in the testimony was not cured by the statement of the defendant that when he sold out the store he left the stamps with Kain, and that the latter promised to return them to the plaintiff. This defect alone was sufficient to warrant the justice in rendering judgment for the defendant. Moreover, had the plaintiff's testimony as to demand and refusal been sufficient to make out a cause of action for a conversion, there was no evidence to sustain a conclusion for more than nominal damages. As we have already seen, the stamps had never been issued to customers, and the plaintiff, according to the testimony of Mrs. Kain, which is practically uncontradicted, did re-ceive the stamps, and retained them, without, apparently, having suf-fered any loss whatever.

We think the justice did right in giving judgment for the defend-ant, and that the judgment should be affirmed, with costs. All con-cur.